The Attorney General is in receipt of your request for an opinion wherein you ask: "Who is excluded or prohibited from being employed by a public school system in Oklahoma pursuant to 70 O.S. 5-113.1 [70-5-113.1] (1979)?" 70 O.S. 5-113.1 [70-5-113.1] (1979) as amended by Laws 1980, C. 87, 1 provides in pertinent part as follows: "No teacher or other employee of any school district may be employed if that teacher or employee is related to a member of the board of education within the third degree of consanguinity or affinity . . ." Your question seeks a determination as to who falls within the third degree of consanguinity or affinity. Consanguinity is defined as a blood relationship. Black's Law Dictionary 375 (Revised 4th ed. 1968). Affinity is defined as the relation which one spouse because of marriage has to the blood relatives of the other. Black's Law Dictionary 81 (Revised 4th ed. 1968). In order to make the determination as to who comes within the third degree by consanguinity resort can be made to the statutes governing wills and succession since these statutes relate to the same subject. When statutes relate to the same subject or have the same general purpose, those statutes are in "pari materia" and should be construed together. State v. Phillips Petroleum Co., Okl. 118 P.2d 621 (1941). 84 O.S. 217 [84-217] — 84 O.S. 221 [84-221] (1971) provides as follows: "217. Degrees of kindred. — The degree of kindred is established by the number of generations, and each generation is called a degree. "218. Lineal and collateral. — The series of degrees from the line; the series of degrees between persons who descend one from the other is called direct or lineal consanguinity; and the series of degrees between persons who do not descend from one another, but spring from a common ancestor, is called the collateral line or collateral consanguinity. "219. Ascending and descending lines. — The direct line is divided into a direct line descending and the direct line ascending. The first is that which connects the ancestor with those who descend from him. The second is that which connects a person with those from whom he descends. "220. Degrees in direct line. — In the direct line there are as many degrees as there are generations. Thus the son is, with regard to the father, in the first degree; with grandson in the second; and vice versa with regard to the father and grandfather toward the sons and grandsons. "221. Collateral degrees, how reckoned. — In the collateral line the degrees are counted by generations, from one of the relations up to the common ancestor, and from the common ancestor to the other relations. In such computation the decedent is excluded, the relative included, and the ancestor counted but once. Thus brothers are related in the second degree, uncle and nephew in the third degree, cousins german in the fourth degree, and so on." In determining degrees of relationship, the Attorney General's Office has since April 4, 1932 and in numerous opinions rendered thereafter, calculated the degrees of relationship in accordance with the civil law as expressed in Barton v. Alexander, Idaho, 148 P. 47 (1915) wherein the court stated: ". . . Under the civil law, it is an easy matter to determine who comes within the third degree of relationship by affinity or consanguinity. Under the act in question an officer cannot appoint the following relatives of either himself or his wife: Parents, grandparents, and great-grandparents; uncles and aunts; brothers and sisters; children, grandchildren, great and children; nephews and nieces." Attorney General's opinions have held the phrase "within third degree of consanguinity or affinity to encompass: (1) a person related to the officer by blood within the third degree; (2) a person related to the officer's spouse by blood within the third degree; (3) a person whose spouse is related by blood to the officer within the third degree. Atty. Gen. Op. April 14, 1932, Atty. Gen. Op. June 6, 1936 and Atty. Gen. Op. February 12, 1952. Based on the foregoing authority, it is the official opinion of the Attorney General that a school district would be prohibited from employing the following persons, since they come within the third degree of consanguinity or affinity, a board member's: husband, fe, child or child's spouse, parent or parent's spouse, grandchild grandchild's spouse, great-grandchild or great-grandchild's spouse, grandparent or grandparent's spouse, great-grandparent or great-grandparent's spouse, brother or brother's spouse, sister or sister's spouse, niece or niece's spouse, nephew or nephew's spouse, uncle or uncle's spouse, aunt or aunt's spouse. Also excluded would a board member's spouse's: child, parents, grandchild, grandparents, great grandchildren, great grandparents, brother, sister, niece, nephew, uncle and aunt. (Kay Harley Jacobs) (Ed. Note: Nepotism)